# EXHIBIT 1

| | |
|---|---|
| **From:** | Smith, Ryan <rsmith@wsgr.com> |
| **Sent:** | Monday, December 1, 2025 9:26 PM |
| **To:** | Gardner, Eamonn |
| **Cc:** | Mayhugh, Alexandra R.; Landers, Jordan M; Miller, Alex; Son, Naoya |
| **Subject:** | RE: Follow-up from our call |
| **Attachments:** | Draft Joint Rule 26(f) Report _Proposed Case Schedule - WS Revisions.docx; 031145289463.pdf |

**CAUTION: This Message Is From an External Sender**
This message came from outside your organization.

Eamonn,

We appreciate your time on the meet and confer. I'll address each of your topics in turn below:

- Case Schedule – Please see the revised version, with some embedded comments for consideration. In summary, we agreed to your proposed dates where the parties' respective proposals were close. We agreed to your dates for damages contentions and rebuttal contentions. Our schedule largely separates fact and expert discovery, although there is some overlap. While there are pros and cons to both approaches, we mirrored the Court's approach in similar patent cases. The attached case schedule from Signify Holdings v. EEMA Industries also includes a two-week overlap.

- Stay of Discovery Pending Motion to Dismiss – Our client prefers to move forward with discovery. As I discuss below, Eight Sleep does not see any jurisdictional issue with the lawsuit. And even if Orion is correct in its understanding of the law, Eight Sleep would have to refile its case later this month or early next month. Discovery would be equally relevant to that case. In other words, there is no efficiency in delaying discovery based on a potential simplification of issues.

- Subject Matter Jurisdiction – We disagree with Orion's legal understanding. The Siera Applied case involved jurisdiction in a declaratory-judgment context. This is not a declaratory-judgment action, and we're unaware of cases that applied the same standard in a patent-infringement case such as this one. More applicable is Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc., 617 F.3d 1296 (Fed. Cir. 2010). As I discussed in prior correspondence, the accused product in that case consisted of schematics that arguably showed the patented invention. That allegation was sufficient to survive summary judgment. The allegations in Eight Sleep's complaint are more than sufficient to survive a motion to dismiss. It is noteworthy that Orion does not deny testing its system in the United States. It is hard to believe that Orion has not engaged in any such testing. Regardless, please see our complaint for our allegations.

- Personal Jurisdiction – You raised an issue about whether Blue Fuzion could be liable for patent infringement if its conduct occurred strictly outside the U.S. The Federal Circuit has endorsed liability theories involving foreign conduct within the context of induced infringement. See Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1302–03 (Fed. Cir. 2012). During our call, I understood you to characterize Blue Fuzion as providing logistical support to Orion's importation of accused products (including the underlying hardware). Such conduct would induce direct infringement by users in the United States and would induce Orion to directly infringe by importing, offering to sell, and selling the accused product. To the extent Blue Fuzion provided technical assistance in the design and development of the accused products, such assistance would also induce infringement.

Please let us know if you have additional edits to the Rule 26 report. Thank you.

Best,
Ryan

---

**From:** Gardner, Eamonn <egardner@cooley.com>
**Sent:** Thursday, November 20, 2025 5:24 PM
**To:** Landers, Jordan M <JLanders@cooley.com>; Smith, Ryan <rsmith@wsgr.com>; Son, Naoya <nson@wsgr.com>; Miller, Alex <alex.miller@wsgr.com>
**Cc:** Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Subject:** RE: Follow-up from our call

EXT - egardner@cooley.com

---

Ryan,

Thanks for your time on today's meet-and-confer and Rule 26 discussion. Below is a summary of our understanding of the discussion. The summary below is intended to help move forward the discussions, so to the extent you notice any inaccuracies they are not intended. We look forward to any corrections and clarifications you may have, and respectfully request your responses on the items below.

Case Schedule
We understand that you are reviewing our proposed case schedule, and that you will respond soon with any proposed modifications. While only briefly mentioned on the call, we think it is important to have a case schedule that puts expert reports and expert discovery after the close of fact discovery. In addition, based on Eight Sleep's statements that it intends to pursue lost profits, we think damages contentions are necessary so that the parties can adequately address the additional factual issues related to lost profits analysis.

Stay of Discovery Pending Motion to Dismiss
As mentioned, we suggest the parties agree to stay discovery completely or, at a minimum, at least limit discovery to jurisdictional issues. If Eight Sleep is willing to such a stay, we would be willing to push back contentions and claim construction exchanges by several weeks to allow the court time to decide on the motion before either party has to engage in those exchanges.

Subject Matter Jurisdiction
As we discussed and have informed you in prior communications, Defendants intend to move to dismiss based on lack of subject matter jurisdiction because the Orion Smart Sleep System is still in development (and was in development at the time the Complaint was filed). *See, e.g., Sierra Applied Sciences v. Advanced Energy*, 363 F.3d 1361, 1378-80 (Fed. Cir. 2004) (that when an accused design is still "fluid and indeterminate," it is "impossible to determine" whether any future version would infringe, and jurisdiction is lacking).

During the call, you identified two factual bases for continuing to assert that an act of infringement occurred prior to filing of the Complaint.

First, you pointed to the reviews on Orion's website. As stated in prior correspondence, and confirmed on the call, those reviews relate to an earlier version of the product that does not contain the functionality that Eight Sleep identifies as infringing. To the extent that Eight Sleep has any factual basis for alleging that the earlier version discussed in those reviews infringes the asserted patents please provide us with that information promptly.

Second, you pointed to the fact that Orion has been taking pre-orders on its website. We confirmed that the source code for those pre-orders is still in development (and, more importantly, was still in development at the time the Complaint was filed) and that Orion is taking preorders because it anticipates being able to finish the source code, test, and ship the product within the designated time. Of course, if Orion discovers it is unable to meet that timeline it will undertake its necessary responsibilities at that time. To the extent that Eight Sleep has any factual basis to allege that the Orion Sleep System was not in development when the Complaint was filed, please provide us with that information promptly.

During our conversation, you made a reference that Orion must have tested/used the Orion system in the United States. As an initial matter, this is obviously not true. Companies are free to conduct product testing outside of the United States. However, if you have any factual basis for alleging that Orion has used an allegedly infringing product in the United States, please provide us with that information promptly.

Personal Jurisdiction of Blue Fuzion Group
During the call, we also discussed Blue Fuzion's anticipated motion to dismiss for lack of personal jurisdiction.

We would like you to clarify what act of infringement you are alleging that Blue Fuzion has committed. On the call, you noted your belief that Blue Fuzion provided design services for the upcoming product. While it is unclear what type of services you are referring to or what your factual basis is for this allegation, even if this were true, can you please provide us your legal basis for alleging that providing design services is an act of infringement?

During the call, we confirmed that Blue Fuzion is not making, using, selling, or offering to sell the Orion system in the United States. If you have any factual basis to the contrary, please provide it.

We also confirmed that Blue Fuzion is not importing the Orion system in the United States. You indicated that you believe that Blue Fuzion is inducing Orion to import into the United States. Can you please identify the factual basis for this assertion and what you mean by "inducing" importation so that we can address the issue in our motion?

Finally, as to Blue Fuzion, you noted during the call that you have case law showing that providing logistical support to a third-party so that the third-party can import a product into the United States is sufficient for personal jurisdiction. Once again, we dispute any contention that Blue Fuzion is importing, "inducing" importation, or the like. However, we still welcome the case law you were referencing so that we can review and consider it.

As always, we request your response on each of the matters above so that we can avoid burdening the Court with issues that could have been resolved in advance.

Thanks,

Eamonn

**Eamonn Gardner**
Cooley LLP
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Direct: (858) 550-6086 • Cell: (720) 207-7378 • Fax: (720) 566-4099
Pronouns: he, him, his
Bio: www.cooley.com/egardner • Practice: Cooley IP Litigation

Cooley is Committed to Racial Justice

---

**From:** Landers, Jordan M <JLanders@cooley.com>
**Sent:** Wednesday, November 19, 2025 6:12 PM
**To:** Smith, Ryan <rsmith@wsgr.com>; Son, Naoya <nson@wsgr.com>; Miller, Alex <alex.miller@wsgr.com>
**Cc:** Gardner, Eamonn <egardner@cooley.com>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Subject:** RE: Follow-up from our call

Counsel,

Attached is a proposed case schedule reflecting Defendant's proposed dates. This draft is intended to help guide our discussion tomorrow.

We revised the dates and formatting to align with the C.D. Cal. Local Rules and Judge Blumenfeld's Standing Order, his Civil Pretrial and PTC Order, his Order re Motions for Summary Judgment, and his Mandatory Scheduling Conference Order.

Best regards,

Jordan

---

**From:** Smith, Ryan <rsmith@wsgr.com>
**Sent:** Tuesday, November 18, 2025 2:33 PM
**To:** Gardner, Eamonn <egardner@cooley.com>
**Cc:** Landers, Jordan M <JLanders@cooley.com>; Mayhugh, Alexandra R. <amayhugh@cooley.com>; Son, Naoya <nson@wsgr.com>; Miller, Alex <alex.miller@wsgr.com>
**Subject:** Re: Follow-up from our call

Hi Eamonn,

I agree. We did meet and confer this issue.

Ryan

On Nov 17, 2025, at 8:52 PM, Gardner, Eamonn <egardner@cooley.com> wrote:

EXT - egardner@cooley.com

---

Hey Ryan,

We understand that our prior meet-and-confer regarding Orion Sleep's MTD covers tomorrow's (Tuesday, Nov. 18) deadline.

However, to the extent Eight Sleep is willing to discuss other options to avoid unnecessary burden on the court and the parties, please let us know.

Thanks,

Eamonn

**Eamonn Gardner**
Cooley LLP
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Direct: (858) 550-6086 • Cell: (720) 207-7378 • Fax: (720) 566-4099
Pronouns: he, him, his
Bio: www.cooley.com/egardner • Practice: Cooley IP Litigation

Cooley is Committed to Racial Justice

---

**From:** Smith, Ryan <rsmith@wsgr.com>
**Sent:** Monday, November 17, 2025 4:32 PM
**To:** Landers, Jordan M <JLanders@cooley.com>
**Cc:** Gardner, Eamonn <egardner@cooley.com>; Mayhugh, Alexandra R. <amayhugh@cooley.com>; Son, Naoya <nson@wsgr.com>; Miller, Alex <alex.miller@wsgr.com>
**Subject:** RE: Follow-up from our call

Jordan,

Please see the attached draft Rule 26(f) report for your team's review.

We're looking forward to our discussion on Thursday.

Best,

Ryan

---

**From:** Smith, Ryan
**Sent:** Monday, November 17, 2025 9:24 AM
**To:** 'Landers, Jordan M' <JLanders@cooley.com>
**Cc:** Gardner, Eamonn <egardner@cooley.com>; Mayhugh, Alexandra R. <amayhugh@cooley.com>; Son, Naoya <nson@wsgr.com>; Miller, Alex <alex.miller@wsgr.com>
**Subject:** RE: Follow-up from our call

Jordan,

Thank you for the message. I circulated an invite for a time on Thursday. If that time no longer works, please let me know your preference. We're also open 2PM PT or later.

We're planning to send you a draft Rule 26(f) report later today. We agree that the initial disclosures and proposed discovery plan would still be due on December 12.

While Eight Sleep isn't willing to stay discovery entirely, we'd be willing to initially focus discovery on issues surrounding the design, operation, and production status of the accused products.

Best,
Ryan


Ryan Smith
Wilson Sonsini
Cell: 650.269.0822
Email: rsmith@wsgr.com

---

**From:** Landers, Jordan M <JLanders@cooley.com>
**Sent:** Thursday, November 13, 2025 2:28 PM
**To:** Smith, Ryan <rsmith@wsgr.com>
**Cc:** Gardner, Eamonn <egardner@cooley.com>; Mayhugh, Alexandra R. <amayhugh@cooley.com>
**Subject:** RE: Follow-up from our call

EXT - jlanders@cooley.com

---

Ryan,

Thank you for providing Eight Sleep's position. In an effort to move this issue forward, we want to make clear that the Orion system is still in development. Its source code, a key part of the system's functionality, remains in progress and will continue to change until launch. This is fundamentally different from *Transocean*, where the court evaluated a fixed design that could be assessed for infringement. Here, no final design exists. As to the product reviews on Orion's website, those reviews relate to an earlier version of the product that does not contain the functionality that Eight Sleep identifies as infringing.

The Federal Circuit has made clear that when an accused design is still "fluid and indeterminate," it is "impossible to determine" whether any future version would infringe, and jurisdiction is lacking. *See Sierra Applied Sciences v. Advanced Energy*, 363 F.3d 1361, 1378-80 (Fed. Cir. 2004). The same is true here. Orion remains interested in discussing ways to avoid a motion to dismiss, but if the Parties cannot reach a resolution, we do intend to file one. To the extent that Eight Sleep has any factual basis for jurisdiction given the information above, please let us know.

Regarding the Rule 26(f) conference, we are available to meet on Thursday, November 20th other than 10-11 am PT. Given the anticipated motion and the fact that no final Orion system yet exists, we suggest the parties agree to stay discovery until the motion is resolved. We understand that under Judge Blumenfeld's rules, the Rule 26(f) report still needs to be filed and are willing to agree to an earlier meet-and-confer in order to account for the Thanksgiving holidays with agreement that initial disclosures and the Parties' proposed discovery plan will still be due December 12th. Please send us a draft Rule 26(f) report and discovery plan by Monday, November 17th so we have time to look it over before the call on the 20th.

Best,

Jordan Landers
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
+1 202 776 2321 office

+1 202 842 7899 fax
jlanders@cooley.com

www.cooley.com

Cooley is committed to racial and social justice

---

**From:** Smith, Ryan <rsmith@wsgr.com>
**Sent:** Wednesday, November 12, 2025 12:26 PM
**To:** Gardner, Eamonn <egardner@cooley.com>
**Subject:** Follow-up from our call

Eamonn,

As follow-up to our discussion, Eight Sleep believes that Orion have infringed through, at minimum, making, offering to sell, selling, and using the accused products.  For example, Orion is actively taking preorders.  *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.,* 617 F. 3d 1296, 1311 (Fed. Cir. 2010) ("A 'sale' is not limited to the transfer of tangible property; a sale may also be the agreement by which such a transfer takes place.").

In *Transocean*, the infringing product was not constructed but only specified in schematics.  The Federal Circuit found such evidence sufficient to survive summary judgment.  *Id*.  Additionally, Orion's website includes testimonials from numerous purported users of its product.  That provides evidence of making and using.

Based on our understanding of the facts and case law, Eight Sleep is moving forward with the case.  If you have evidence and/or authority that shows we're incorrect, we'd be happy to review what you have and reassess if necessary.

Best,

Ryan Smith
Wilson Sonsini
Cell: 650.269.0822
Email: rsmith@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments

thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.